1

2

3

4

5

# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

6

7

| | |
|---|---|
| MYRON R. WASHINGTON,     ) | Case No.: 1:12-cv-00802-SKO |
|     ) | |
|     ) | **GRANTING NUNC PRO TUNC LEAVE** |
| Plaintiff,     ) | **TO FILE OPENING BRIEF OUT OF** |
|     ) | **TIME** |
| v.     ) | |
|     ) | (Doc. 16) |
| MICHAEL J. ASTRUE,     ) | |
| Commissioner of Social Security,     ) | |
|     ) | |
| Defendant.     ) | |
|     ) | |

8

9

10

11

12

13

14

15

16      On January 23, 2013, the parties filed a stipulation that Plaintiff's time to file the opening

17   brief be extended to February 1, 2013.  (Doc. 15.)  The Court granted Plaintiff leave to file the

18   opening brief **on or before February 1, 2013.**  (Doc. 16.)  However, Plaintiff did not file an

19   opening brief until February 4, 2013, and failed to request leave to file the brief out of time.[1]  (Doc.

20   17.)

21      While the Court is generally inclined to grant good-cause requests for extensions of time,

22   particularly where additional time is necessary for the parties to discuss whether remand is

23   appropriate, a party's subsequent failure to abide by the stipulation for an extension of time and the

24   court order approving the stipulation is not only professionally discourteous to opposing counsel –

25   it is in direct contravention of an express court order.

26

27      [1] The Court's order was not predicated on Plaintiff filing the opening brief within a specified time after service
of the order such that Federal Rule of Civil Procedure 6(d) would apply to add an additional three (3) days to act.  Rather,
the Court imposed a precise deadline – one that the parties themselves requested.

28

Briefing schedules are not mere suggestions or worthless pieces of paper that the parties may disregard at their whim; rather, counsel's disregard of scheduling orders places at peril their client's case and risks sanctions. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992) (a scheduling order "is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril . . . Disregard of the order would undermine the court's ability to control its docket, disrupt the agreed-upon course of the litigation, and reward the indolent and cavalier.").

Plaintiff's counsel is ADMONISHED that future failures to honor the terms of a stipulation with opposing counsel or abide by express court orders regarding briefing deadlines will be viewed with disfavor and will be cause for the imposition of sanctions.

Accordingly, IT IS HEREBY ORDERED that:

1.    Plaintiff is granted, *nunc pro tunc*, leave to file the opening brief on February 4, 2013;

2.    Defendant's responsive brief shall be filed **no later than March 11, 2013**; and

3.    Plaintiff's reply brief shall be filed **no later than March 29, 2013**.

IT IS SO ORDERED.

**Dated:    February 6, 2013**                         /s/ **Sheila K. Oberto**
                                      UNITED STATES MAGISTRATE JUDGE

2